PAUL H. LEONARD v. C. G. PORTIER & CO.

(No. 2441.)

APPEAL from Galveston County. Opinion by WHITE, P. J.

LABATT & NOBLE, counsel for appellant.

TREZEVANT & FRANKLIN, counsel for appellee.

§ 362. *Petition held good on general demurrer; mutuality of contract; rules as to; case stated.* Appellant sued appellee to recover damages for a breach of the following instrument: "Calvert, Tex., March 14, 1887. This is to certify that we, the undersigned, have contracted with Mr. Paul H. Leonard, of Calvert, Texas, for his Calvert butcher wet salted hides, for seven cents, bulls, stags, damaged, out, free from salt and brine, and two pounds tare off of each hide, from March 14, 1887, till November, 1887. C. J. Portier & Co., per Phil. Doerr." Appellant's petition alleged the execution and delivery to him of said instrument by appellee, and his acceptance thereof; that he proceeded to execute his part of said contract by purchasing a large number of hides of the kind and description mentioned therein, between the 17th day of June and the 28th day of October, 1887, which hides he tendered appellees and they refused to accept and pay for the same, whereby appellant sustained loss in the sum of $416.93. A general demurrer to the petition was sustained, and, appellant declining to amend, the suit was dismissed. It appears the trial judge sustained the demurrer upon the view that the instrument sued upon does not constitute a valid contract, because it is not mutually binding upon the parties; but that it is merely a unilateral undertaking or offer, which appellees had the right at any time to rescind or decline to perform. *Held:* The general rule is that the assent of parties to constitute a valid contract must be mutual and intended to bind both parties. A mere proposal by

one man obviously constitutes no bargain of itself. It must be accepted by another, and this acceptance must be unconditional. [Benj. on Sales, §§ 39, 40, 41.] A promise is not a good consideration for a promise unless there is an absolute mutuality of engagements, so that each party has the right to hold the other to a positive agreement. But after an engagement on the part of the promisee which is sufficient to bind him, then the promisor is bound also, because there is now a promise for a promise with entire mutuality of obligation. So, if the promisee begins to do the thing in a way which binds him to complete it, here, also, is a mutuality of obligation. [1 Parsons on Cont. 450, 451.] The acceptance of a contract signed only by the party delivering it, and the execution of it in part by the party accepting, makes the contract obligatory upon both parties. [Phelps v. Townsend, 8 Pick. 392; Com. Bank v. Nolan, 7 How. (Miss.) 508.] Applying the foregoing rules to the facts of this case, the appellant having accepted the contract, and having proceeded to execute it as alleged in the petition, it became a binding contract upon both parties, and a breach thereof constituted a valid cause of action, and the court erred in sustaining the general demurrer to the petition.

February 15, 1888.        Reversed and remanded.